## Catherine Cronin, Defendant in Error, v. Court of Honor, Plaintiff in Error.

### Gen. No. 19,692.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH
SABATH, Judge, presiding. Heard in the Branch Appellate Court
at the October term, 1913. Reversed and remanded. Opinion filed
July 14, 1914.

### Statement of the Case.

Action by Catherine Cronin against Court of Honor
to recover insurance on a certificate of insurance is-
sued to Cornelius Cronin, in which the plaintiff was
named as beneficiary. A judgment was recovered by
the plaintiff for $1,000 and costs. To reverse the judg-
ment, defendant prosecutes a writ of error.

FRANCIS J. SULLIVAN, for plaintiff in error; WILLIAM
B. RISSE, of counsel.

P. F. MURRAY, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 607*—*when objection to special findings
waived.* Plaintiff in error can not urge that special findings of the
jury were not warranted by the evidence where the point was not
made or raised on its motion for a new trial.

2. WITNESSES, § 167*—*privileged communications.* The rule as to
privileged communications between a physician and patient is for
the benefit of the patient and not the physician, and the physician
is not entitled to claim the privilege where the patient has waived
it.

3. WITNESSES, § 167*—*when physician not privileged from testi-
fying as to communication with patient.* Where a member of a ben-
efit society waived privileged communications between himself and

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same
topic and section number.

his physician in his contract of insurance, *held* in a suit against the society for the insurance that the action of the court in allowing the physician, who was called as a witness for defendant, to refuse to testify on the ground of privilege was reversible error.

---

James LaVeer, Appellee, v. Hanke Iron & Wire Works, Appellant.

### Gen. No. 19,724.

1. NEGLIGENCE, § 24*—*duty of owner of premises to invitees.* The duty of an owner or occupant to keep premises in reasonably safe condition for invitees does not require that they be kept safe for an improper use or for a use that could not reasonably be anticipated.

2. NEGLIGENCE, § 221*—*when instruction as to duty of owner to invitees misleading.* Where a railroad company had delivered a carload of iron to a manufacturing plant over a switch track which ran to the plant, and while employes of the plant were engaged in unloading the car a switch engine with its crew appeared and ordered such employes to leave the car to permit some switching, and a switchman climbed upon the pile of unloaded iron to uncouple a car from the car which was being unloaded and was injured by the pile of iron giving away, and the switchman brought suit against the Manufacturing Company for the injuries, *held*, that an instruction given for plaintiff authorizing a recovery on the ground that the defendant had invited the railroad employes, including the plaintiff upon the premises and that it was the duty of defendant to exercise ordinary care to keep the premises in safe condition, was misleading and erroneous as not based on the evidence in the case and as not stating the law applicable to the facts.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Reversed and remanded. Opinion filed July 14, 1914. Rehearing denied July 28, 1914.

THEODORE H. WUNDERLICH, for appellant; JOHN H. KANE, of counsel.

MORSE IVES, for appellee.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

Vol. CLXXXVII 31